**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20833**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GERALD TIMOTHY MCNEIL,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(96-CR-26-1)**
_____

October 8, 1997

Before KING, JONES, Circuit Judges, and WERLEIN, District Judge.[*]

PER CURIAM:[**]

Appellant Gerald Timothy McNeil appeals his 220-month sentence for conspiring to possess with intent to distribute cocaine base and aiding and abetting in the possession with intent

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute cocaine base. Finding no reversible error, we affirm.

**FACTUAL BACKGROUND**

On February 13, 1996, McNeil and Joseph Wilson Robicheaux were named in a three count indictment. Both were charged with (1) conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 ("count one"), (2) aiding and abetting in the possession with intent to distribute cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(b)(1)(A) ("count two"), and (3) aiding and abetting in using and carrying a firearm in relation to the drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) ("count three"). These charges stemmed from an undercover narcotics operation during which McNeil, with Robicheaux present, engaged in a drug transaction with undercover narcotics agents. Count three of the indictment stemmed from a firearm that Robicheaux was carrying at the time of their arrests.

On March 14, 1996, McNeil entered a guilty plea to all three counts. The district court accepted the plea. On July 12, 1996, McNeil moved to withdraw the plea with respect to count three, claiming that Robicheaux was not involved in the narcotics transaction and, accordingly, McNeil had not anticipated anyone using or carrying a firearm during the transaction. The district court set the motion for hearing.

2

Subsequent to his motion to withdraw his plea to count three -- but prior to the hearing on that motion -- McNeil's co-indictee Robicheaux was acquitted of all counts of the indictment. At the hearing on McNeil's motion to withdraw his plea, and over the Government's objection, the district court dismissed count three, finding that there was no evidence to show that McNeil aided and abetted either the use or carrying of a firearm as defined by *Bailey v. United States,* ___ U.S. ___, 116 S.Ct. 501 (1995).

At the same hearing, the court sentenced McNeil. Prior to sentencing, McNeil objected to a two-level base offense enhancement recommended in the presentence report for possession of a firearm and requested a three-level adjustment in his offense level for acceptance of responsibility. The district court enhanced McNeil's base offense level by giving him a two-level increase for possessing a firearm. The court also adjusted his offense level by two-levels for acceptance of responsibility. The district court imposed concurrent sentences of 220 months each for the two counts of conviction along with a special assessment of $100.

McNeil timely appealed claiming that the district court erred (1) by enhancing his base offense level pursuant to U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2D1.1 for possession of a firearm and (2) by not reducing his offense level by one additional level pursuant to U.S.S.G. § 3E1.1(b)(2).

3

**DISCUSSION**

McNeil argues that the district court erred by enhancing his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1)[1] by two levels.  McNeil contends that the firearm was completely unrelated to the narcotics transaction as evidenced by Robicheaux's acquittal -- at the Government's request -- on all counts of the indictment.

We review a district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error.  *See United States v. Wimbish,* 980 F.2d 312, 313 (5th Cir. 1992), *cert. denied,* 508 U.S. 919 (1993).  A factual finding is clearly erroneous if it is not plausible in light of the record read as a whole.  *See United States v. Watson,* 966 F.2d 161, 162 (5th Cir. 1992).  A sentence will be upheld on review unless it was imposed in violation of law, imposed as a result of an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline and is unreasonable.  *See United States v. Santana-Castellano,* 74 F.3d 593, 596 (5th Cir.), *cert. denied,* ___ U.S. ___, 116 S.Ct. 1865 (1996).  The § 2D1.1(b)(1) two-level base offense level adjustment "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1

---

[1]    U.S.S.G. § 2D1.1(b)(1) provides, "If a dangerous weapon (including a firearm) was possessed, increase [base offense level] by 2 levels."

comment. n.3; *United States v. Broussard,* 80 F.3d 1025, 1041 (5th Cir.), *cert. denied,* ___ U.S. ___, 117 S.Ct. 264 (1996).

At the hearing on sentencing and on the motion to withdraw his guilty plea to count three, the district court allowed withdrawal of his plea because of the "unusual circumstances presented," 8 R. 10, and because she was of the opinion that a guilty plea to count three would be factually insufficient. 8. R. 18. After discussing the fact that McNeil had previously acknowledged in open court that he knew that Robicheaux was in the habit of carrying a firearm and that it was his intent that Robicheaux be present at this drug transaction, 8 R. 12-13, in sentencing McNeil, the court enhanced his base offense level. Acknowledging the potential confusion that may be caused by, on the one hand disallowing McNeil's guilty plea for count three and on the other hand enhancing his base offense level for constructive possession of the firearm that Robicheaux possessed, the court carefully explained:

> I am not convinced that the facts as presented to me warrant a finding that it is clearly improbable that the weapon was connected with the offense. I have allowed the withdrawal of his guilty plea because Mr. McNeil does not admit Robichaux's [sic] intentional and active involvement in this crime. However, in each case that the undercover agent purchased the drugs there was an individual present; in this case Mr. Robichaux [sic] stood near the drugs -- the evidence is, right next to the drugs. . . .
>
> I am not convinced that the standard articulated in the comment note 3 [of U.S.S.G. § 2D1.1] is met in this

5

case. I do not find it clearly improbable that the weapon was connected with the offense.

8 R. 30.

We conclude that these determinations by the district court are not clearly erroneous and that the court properly applied § 2D1.1(b)(1) in this case. After carefully considering the appropriate standard to be applied (*i.e.* whether it was clearly improbable that the weapon was connected with the offense), the sentencing court made determinations based on the record as a whole and applied the guideline accordingly. We agree with the district court that it is not clearly improbable that McNeil chose to have Robicheaux present -- knowing that Robicheaux would be armed -- to bolster McNeil's confidence and ensure that the drug transaction was completed successfully. We therefore affirm the district court's upward adjustment of McNeil's sentence pursuant to U.S.S.G. § 2D1.1(b)(1).

McNeil also complains that the district court erred in denying him an additional level of a possible three-level reduction of his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2).

When considering whether to grant McNeil the additional one-level decrease, the district court stated:

I will tell you, for what it's worth, it's not going to make any difference in the sentence; my sentence would be the same whether I gave that point or not. The ranges are substantially overlapping and I intend to sentence

6

within the overlapping area because that's the figure that I have found to be appropriate for other reasons.

8 R. 28. The court was referring to the fact that without the additional one-level adjustment, the offense level was 34; with McNeil's criminal history category of IV, the range of sentence was 210 to 262 months. With the requested one-level adjustment, the offense level would have been 33; a criminal history category of IV would provide a range of 188 to 235 months. The court sentenced McNeil to 220 months, a sentence within both ranges.

Because McNeil was sentenced within both ranges, we find that any error that may have been committed by the district court regarding this issue was harmless. We therefore affirm.

## CONCLUSION

For the foregoing reasons, the sentence of the district court is AFFIRMED.